IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LAMEEK JOHNS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:18-cv-00549 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C/O HOWARD, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | Senior United States District Judge |

In this civil rights action, plaintiff Lameek Johns, a Virginia inmate proceeding *pro se*, alleges that on April 26, 2018, while he was housed at Red Onion State Prison ("Red Onion"), defendants Howard, Dutton, and Perrigan used excessive force against him while he was restrained in both handcuffs and ankle restraints. They contend that Johns was resisting their orders at the time, which he denies. Johns also alleges that defendant Tackett and seven John Doe defendants were present during the incident and failed to intervene in the attack against him by the other three officers. The only identifying information Johns provides about the John Does is that they were "experienced and seasoned correctional officers" "assigned to the 'C' building," where the events occurred. (*See generally* Am. Compl., Dkt. No. 13.)

The four named defendants have filed a motion for partial summary judgment, as has Johns. Both motions are addressed herein.

I.     DISCUSSSION

**A. Summary Judgment Standard**

Summary judgment may be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering cross-motions for summary judgment, I must "consider each motion separately on its own merits to determine whether either of the parties deserves judgment

as a matter of law." *Defs. of Wildlife v. N.C. DOT*, 762 F.3d 374, 392 (4th Cir. 2014) (quoting *Bacon v. City of Richmond*, 475 F.3d 633, 638 (4th Cir. 2007)).  For each motion, I "must take care to 'resolve all factual disputes and any competing, rational inferences in the light most favorable' to the party opposing that motion."  *Id.* (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).  "The party who bears the burden of proof on an issue at trial, however, cannot survive summary judgment without forecasting evidence sufficient to sustain his or her burden of proof on that point."  *McIntyre v. Aetna Life Ins. Co.*, 581 F. Supp. 2d 749, 756 (W.D. Va. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

**B. Defendants' Motion for Partial Summary Judgment (Dkt. No. 38)**

In defendants' motion, brought only by the four named defendants, they acknowledge that there are disputed issues of material fact as to whether excessive force was used.  Although they deny using excessive force in the situation, they recognize that Johns alleges he was not resisting at all, and they note that the surveillance video of the incident does not conclusively show whether Johns was disobeying their orders or otherwise resisting.  Thus, they ask that the excessive force claims against them be set for trial.  They seek summary judgment as to any claims for damages against them in their official capacities, and they ask the court to dismiss Johns's requests for prospective injunctive relief.  (*See generally* Mem. Supp. Mot. Summ. J., Dkt. No. 39.)

Johns has filed a brief in opposition to the motion (Dkt. No. 42-1), and he also has submitted a declaration in opposition (Dkt. No. 42), as well as a statement of disputed facts (Dkt. No. 42-2.).  Neither his declaration nor his "statement of disputed facts" addresses either of the

arguments in defendants' summary judgment motion. They simply set forth his version of the incident and subsequent events.

As to defendants' argument that the official-capacity claims for damages must be dismissed, Johns states in his response that he is not asking for monetary damages against defendants in their official capacities. (Pl.'s Opp'n 2, Dkt. No. 42-1.) Thus, this portion of defendants' motion will be denied as moot, as Johns has clarified that he is not seeking any damages as part of his official-capacity claims.[1]

Second, as to Johns's claim for injunctive relief, defendants correctly note that the relief Johns requests is untethered to his claims in this lawsuit. Specifically, plaintiff asks for a transfer to another prison and a special religious diet. Neither of these are appropriate relief for his claim that excessive force was used against him on one instance in the past. Moreover, under the Prisoner Litigation Reform Act, a federal court's power to order injunctive relief to remedy prison conditions "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff . . . ." 18 U.S.C. § 3626(a)(1)(A). Any prospective relief must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation . . . ." *Id.* The relief Johns seeks would not satisfy these standards. Accordingly, defendants' motion is granted as to all claims for injunctive relief. Only Johns's individual-capacity claims for money damages will be set for trial.

C.  **Johns's Motion for Partial Summary Judgment (Dkt. No. 43)**

Johns's motion for partial summary judgment (Dkt. No. 43) is a one-paragraph document in which he asks for partial summary judgment. He references a declaration and brief in support,

---

[1] In any event, defendants are correct—Johns may not recover damages against these state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

but he did not file those documents, unless he is referring to the declaration and brief he submitted in opposition to defendants' motion, both docketed as part of Dkt. No. 42.

In response, defendants have pointed to specific portions of the record, including answers to interrogatories, responses to requests for admission, a surveillance video of the incident, and a number of internal incident reports and documents from the related disciplinary proceeding against Johns. (*See generally* Dkt. No. 45 at 2–4 & Exs.) Especially construing those documents in the light most favorable to defendants, the non-moving parties, is it evident that there are disputes of fact that preclude the entry of summary judgment in plaintiff's favor. Accordingly, Johns's motion for partial summary judgment will be denied.

**D.   John Doe Defendants**

Neither of the partial summary judgment motions reference the John Doe defendants, who technically remain part of this case. This case now has been pending for almost two years, and the court has asked for additional information from Johns and asked for the assistance of defendants' counsel in identifying those defendants. In November 2019, counsel provided the names of all individuals who, on the basis of a daily duty roster, "were reflected to have been assigned to a position that might have involved the C building at ROSP on April 26, 2018." (Dkt. No. 44 at 2.) In identifying those individuals, however, defendants "expressly disclaim[ed] any representation or certification" that those individuals were in fact present in the housing unit at the time of the incident. (*Id.*) Again, it has been nearly nine months since those names were provided to plaintiff, and Johns has failed to respond to that information or to seek leave to amend his complaint to substitute any named individuals for those John Doe defendants. Accordingly, all of the John Doe defendants are hereby dismissed without prejudice.

## II. CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment will be denied in part as moot and granted in part. Plaintiff's motion for partial summary judgment will be denied. The case will be set for a trial only as to Johns's claims for money damages against the four named defendants in their individual capacities. Lastly, the seven John Doe defendants will be dismissed without prejudice.

An appropriate order will be entered.

**ENTER**: This  1st  day of September 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE